WALLACE, JUDGE:
The claimant is the owner of a house and lot which fronts on County Route 3, also known as Coal River Road, in St. Albans, Kanawha County, West Virginia. The lot is pie-shaped and slopes towards Coal River Road. The house is a one-story frame structure with cement block foundation. The front of the house faces the point of the pie. The claimant alleges that as a result of respondent’s widening of Coal River Road, and subsequent ditching in front of the property, the land has begun to slide, causing damage to the foundation of the house, and necessitating installation of a retaining wall to stabilize the land.
Claimant testified that she purchased the property in 1974. At that time, the foundation and lot were stable. According to the claimant, in approximately 1975, Coal River Road was widened, and in the process she stated she observed about four feet of land being removed on her side of the road. She testified that respondent’s crews ditched along the side of the road on a yearly basis, cutting into the bank about six to eight inches on each occasion. About a year after the widening, claimant stated that she began to observe changes in the contour of her land. A number of cracks developed in the foundation, all but one of which are located on the side of the house facing Coal River Road. The cracks have continued to get larger, one of which was estimated to be three or four inches wide. Photographic evidence not only shows the cracks in the foundation, but also the shift in the foundation itself.
*274 John W. James, a civil engineer, testified that the damage to the property was the result of a slide. He stated that the removal of land at the bottom of the slope precipitated the beginning of the movement. The pattern of the damage to the house indicated that the movement of the land was more horizontal than vertical. He also found evidence of an overthrusting of the soil near the base of the ditch which is consistent with slide movement. This indicated that the damage was not the result of settlement of the house that occurs with age, or a shrink-swell type of movement. The ditch line also did not drain properly, he found, and, this keeps the land soft, which contributes to the slide.
Leonard D. Wells, a general contractor, testified that he visited the property and made an estimate for a stone retaining wall. This estimate was in the amount of $8,800.00, for a wall to run the length of the property along Coal River Road.
David C. Casto, a real estate appraiser, testified that he viewed the property and estimated the cost to repair the footer and foundation of the house. He stated that the cost to cure would be $5,000.00. Joseph D. McClung, an estimator, testified that repairing claimant’s home would cost between $10,000.00 and $11,000.00. Repairs would entail lifting the house off the foundation, and then removing and replacing the block work, but he did not provide a breakdown of this estimate.
Claude Blake, a claims investigator employed by respondent, testified that the widening of Coal River Road occurred in 1977, and was performed under a contract with respondent by Black Rock Contracting, Inc. Since the repaving, only routine maintenance has been performed on Coal River Road, and respondent’s records do not indicate any specific locations of this work.
Glen R. Sherman, a geologist with respondent, testified that he visited claimant’s property. He stated that he believed the damage to claimant’s property resulted from soil creep. He defined this as extremely slow movement of soil; slower than that which occurs in a landslide. He felt that the cracks in the foundation resulted from shrinking and swelling of the soil. This occurred when soil dried in the summer, causing cracks in the soil, into which other soil would fall. When moisture was added to the ground, the soil would then swell. He added that the fact that the house had no gutters added to the problem, in that this allowed water to concentrate in the soil instead of being directed away.
After careful review of all the evidence presented, the Court is of the opinion that the damage to claimant’s property resulted from several factors. Photographs taken by the claimant after Coal River Road was ditched in 1983 show that the bank was cut into in such a *275 way as to remove a portion of the slope. The photographs also show water standing in the ditch line instead of draining away. Although the widening of the road was performed by a contractor under contract with respondent, there has been no evidence presented to refute claimant’s allegation that respondent routinely cut further back into the slope during its ditching operations. Whether the slide began with the repaving is unclear; however, it is clear that respondent’s actions have further aggravated the condition. It is also clear that the lack of gutters on the house contributed to the damages sustained. It is the opinion of the Court that respondent was negligent in its maintenance of Coal River Road in the vicinity of claimant’s property, but that claimant was likewise negligent. Under the doctrine of comparative negligence, the Court apportions this negligence 80% to respondent and 20% to claimant. The Court makes an award for the retaining wall and for the cost to cure as estimated by Mr. Casto, or $13,800.00, which is reduced by 20% for a total award of $11,040.00.
Award of $11,040.00.